United States District Court
Southern District of Texas
**ENTERED**
January 03, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LEEROY CESAR CARBALLO, § <br> Petitioner, § <br> § <br> v. § <br> § <br> LORIE DAVIS, § <br> Director, Texas Department of § <br> Criminal Justice, Correctional § <br> Institutions Division, § <br> Respondent. § | Civil Action No. H-17-0647 |

## MEMORANDUM AND RECOMMENDATION

This petition for writ of habeas corpus filed under 28 U.S.C. § 2254 has been referred to this magistrate judge for report and recommendation (Dkt. 9). The court recommends respondent's motion for summary judgment (Dkt. 32) be granted and the petition be denied with prejudice.

**Background**

Petitioner Carballo challenges his conviction for aggravated robbery with a deadly weapon. A jury found Carballo guilty as charged, and Carballo pled true to an enhancement paragraph alleging a prior aggravated robbery conviction. A jury sentenced Carballo to 40 years in prison. The First Court of Appeals for Texas affirmed the conviction. *See Carballo v. State*, 303 S.W.3d 742 (Tex. App. – Houston [1st Dist.] 2009, pet ref'd). The Texas Court of Criminal Appeals refused his petition for discretionary review and the United States Supreme Court denied his petition for certiorari. Carballo

1

filed a state application for writ of habeas corpus challenging his conviction. After a lengthy delay, the Texas Court of Criminal Appeals denied his application on March 29, 2017, without written order on the findings of the trial court.

Carballo timely filed this federal petition for writ of habeas corpus on February 21, 2017. Carballo alleges four grounds for relief in his petition, the fourth being a claim for ineffective assistance of counsel with subparts (a)-(q). Respondent contends that parts of Carballo's fourth claim for relief are procedurally defaulted, and all claims are without merit.

## Analysis

Carballo's petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 (AEDPA). Section 2254 sets forth a highly deferential standard for reviewing state court habeas rulings. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). A habeas petitioner is not entitled to federal habeas relief on claims adjudicated on the merits in state court unless that adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

***Ineffective assistance of appellate counsel (claim 1).*** Carballo's first claim is that he received ineffective assistance from his appellate counsel. This claim, like an ineffective assistance of trial counsel claim, is determined by the two-prong standard of

2

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). *See Smith v. Robbins*, 528 U.S. 259, 285 (2000). First, a defendant must show that his counsel's performance was "deficient" by pointing out specific errors "so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Id.* The court's scrutiny of counsel's performance is highly deferential; the court presumes that counsel's conduct falls within the wide range of reasonable professional assistance. *Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005).

Second, a defendant must demonstrate that his counsel's performance prejudiced his defense. "The focus here is whether a reasonable probability exists that counsel's deficient performance affected the outcome and denied [the defendant] a fair trial." *United States v. Chavez*, 193 F.3d 375, 379 (5th Cir. 1999). Conclusory allegations are insufficient; specific facts must be alleged. *See Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1998). Moreover, defense counsel's "conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997). The test on federal habeas review is whether the state habeas court's decision was contrary to or an unreasonable application of the *Strickland* standards.

Carballo contends that his appellate counsel did not cite the law accurately and did not argue effectively that the trial court erred in denying a mistrial. The state habeas court found that the appellate court followed the correct legal standards under Texas law when it ruled that the trial court did not abuse its discretion by denying the motion for mistrial.

3

Therefore, Carballo did not show that the results of his appeal would have been different but for his appellate counsel's alleged failure to argue the correct standards.[1] Here, Carballo has not shown that the state habeas court's decision was contrary to or an unreasonable application of federal law, or that it was based on an unreasonable determination of the facts. This claim should be denied.

***Trial court error (claim 2).*** Carballo argues, as he did on direct appeal,[2] that the trial court erred in denying him a mistrial after the prosecutor commented during closing argument on Carballo's failure to testify. Carballo further argues that the trial court erred by not *sua sponte* allowing Carballo to testify more fully during the punishment phase of his trial.

In order to succeed on this claim, Carballo must show that the trial court error rendered the trial as a whole fundamentally unfair. This standard requires Caraballo to show a reasonable probability that the verdict would have been different without the error. *Rogers v. Lynaugh*, 848 F.2d 606, 609 (5th Cir. 1988). On federal habeas review, the court applies a harmless error standard; in other words, a petitioner must show actual prejudice. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).

At trial, Carballo's counsel moved for a mistrial after the prosecutor said during closing argument: "Mr. Carballo didn't get up on the stand and tell you . . . .." The trial court, after a bench conference, instructed the jury to disregard the prosecutor's comment, and denied defense counsel's motion for mistrial. The prosecutor then

---

[1] Dkt. 30-16 at 48.

[2] *See Carballo*, 303 S.W.3d at 747-48.

4

continued his argument, saying, "Excuse me, I didn't mean to say Mr. Carballo. What I meant to say was Mr. Solis did not get on the stand . . .."[3] Carballo argues that this statement, and the denial of a mistrial, violated his right to remain silent.

On direct appeal, the court ruled that, assuming the prosecutor's comment was an impermissible comment on Carballo's failure to testify, the trial court did not abuse its discretion under the applicable version of the Mosley test. *Carballo*, 303 S.W.3d at 748. (citing *Archie v. State*, 221 S.W.3d 695, 700 (Tex. Crim. App. 2007) (discussing *Mosley v. State*, 983 S.W.2d 249, 259-60 (Tex. Crim. App. 1998))).[4]

As to his right to testify in the punishment phase, the state court held that a trial judge has no obligation to inform the defendant of his right to testify. The court further held that the trial court did not err in sustaining the prosecutor's objection to Carballo's request that he be allowed to read a prepared statement to the jury, because Carballo was not representing himself in the proceeding and there is no constitutional right to hybrid representation. *Carballo*, 303 S.W.3d at 751-53.

The state court's findings on the above issues are entitled to deference, and Carballo has not rebutted them. Carballo has not shown that the state court's conclusions are contrary to or an unreasonable application of federal law or the result of an unreasonable determination of the facts. Carballo is not entitled to relief on his claim 2.

***Factual sufficiency of the evidence (claim 3).*** Carballo's claim that the evidence was factually insufficient to support his conviction derives from the Texas Constitution

---

[3] Dkt. 29-14 at 4.

[4] Under this test, the reviewing court balances three factors: (1) the severity of the misconduct; (2) the measures taken to cure the misconduct; and (3) the certainty of conviction absent the misconduct. *Archie*, 221 S.W.3d at 700.

and state law and is not cognizable on federal habeas review. *Woods v. Cockrell*, 307 F.3d 353, 358 (5th Cir. 2002). The applicable legal sufficiency standard established in *Jackson v. Virginia*, 443 U.S. 307 (1979) asks only "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (citing *Jackson*, 443 U.S. at 319). Carballo has not met his burden to show any grounds for federal habeas relief on this claim.

***Ineffective assistance of trial counsel (claims 4(a) – 4(l)).*** Carballo contends his trial counsel was ineffective because he failed to: (a) secure the testimony of officers R.V. Gutierrez and F.E. Martinez, both of whom failed to appear after being subpoenaed; (b) call Carballo to the stand or to adequately inform him of his right to testify in the guilt/innocence trial phase; (c) allow Carballo to testify in the punishment phase; (d) object to prosecutor's comments on Carballo's failure to testify; (e) object to prosecutor's misstatement of the law during voir dire; (f) secure expert witnesses to disprove state's evidence and theory of the case; (g) object to complainant's testimony about the interior of Carballo's truck due to lack of personal knowledge; (h) impeach complainant about inconsistent statements; (i) object to prosecutor's improper argument that vouched for credibility of the complainant; (j) object to prosecutor's improper jury argument that invited the jury to speculate as to evidence not presented at trial; (k) object to lack of a proper oath, or to request that prospective jurors be given a proper oath before voir dire.

Carballo contends in claim 4(l) that the cumulative effect of these errors prejudiced his defense.[5]

Carballo has not met his burden as to either prong of the *Strickland* analysis. As to claim (a), counsel subpoenaed the witnesses and moved for a continuance.[6] In addition, because there is no evidence that the witnesses' testimony would have been favorable to his defense, he cannot show prejudice. *See Sayre v. Anderson*, 238 F.3d 631, 636 (5th Cir. 2001). As to claims (b) and (c), Carballo offers only the conclusory assertion that he wanted to testify. Counsel's affidavit, which the trial court credited, states that counsel explained the pros and cons of testifying, and the final decision was Carballo's. Carballo has not overcome the presumption that the decision not to testify was the product of reasoned trial strategy. He also cannot show that his own testimony about his version of events on the night of the robbery would have led to a reduced sentence, and thus cannot show prejudice from his counsel's trial strategy.

Claims 4(d), (e), (g), (i), (j), and (k) all allege instances when counsel failed to object to argument or evidence. Carballo cannot show that counsel's performance was deficient in this regard, or that he suffered prejudice. Counsel is not required to make frivolous objections. *Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998). Moreover, trial counsel lodged numerous objections during trial, including to the prosecutor's comment regarding Carballo's failure to testify, which were overruled. Carballo is not

---

[5] "[F]ederal habeas corpus relief may only be granted for cumulative errors in the conduct of a state trial where (1) the individual errors involved matters of constitutional dimension rather than mere violations of state law; (2) the errors were not procedurally defaulted for habeas purposes; and (3) the errors 'so infected the entire trial that the resulting conviction violates due process.'" *Derden v. McNeel*, 978 F.2d 1453, 1454 (5th Cir.1992). Thus, claim 4(l) must be denied.

[6] Dkt. 29-14 at 1-2, 16-17.

entitled to relief on claim 4(f) because there is no evidence the proposed expert testimony would be helpful to Carballo's defense. Claim 4(h) does not appear to be supported by the record. Trial counsel thoroughly cross-examined the complainant, and attempted to impeach his testimony based on his criminal record, his prior inconsistent statement about Carballo's gloves and his handling of the gun, and his medical condition.[7]

The state habeas court evaluated and rejected each of Carballo's ineffective assistance claims 4(a)-(l).[8] Carballo has not met his AEDPA burden to show that the state court's rulings were contrary to or an unreasonable application of federal law, or the result of an unreasonable determination of facts.

***Ineffective assistance of counsel, procedural default (claims 4(m) – 4(q)).*** Pursuant to 28 U.S.C. § 2254(b)(1)(A), "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." *See Moore v. Quarterman*, 491 F.3d 213, 220 (5th Cir.2007). Exhaustion requires that the highest court of the state have a fair opportunity to apply the controlling federal constitutional principles to the petitioner's allegations before a federal court may review them. *Smith v. Quarterman*, 515 F.3d 392, 402 (5th Cir. 2008).

---

[7] Dkt. 29-13 at 49-54.

[8] Carballo contends that the state court did not address his claims 4(c) – 4(l) on habeas review. *See* Dkt. 37 at 1-5. These claims were allegedly asserted in his initial habeas application and a first amended habeas application, but not his second amended habeas application. Carballo contends that the state trial court's findings of fact and conclusions of law only address his second amended habeas application. If true, Carballo's claims 4(c) -4(l) are unexhausted and procedurally defaulted for the reasons addressed in the next section of this memorandum discussing his claims 4(m) -4(q). To the extent he did not include all of his claims in his second amended application, he did not "fairly present" such claims for review by the state's highest court. *Smith*, 515 F.3d at 400-02. Like his other unexhausted claims of ineffective assistance of counsel, he has not met his burden under *Martinez v. Ryan*, 566 U.S. 1 (2012) and *Trevino v. Thaler*, 569 U.S. 413 (2013) to excuse the default.

Petitioner's claims that were not previously brought in a prior state application would be barred from review in a second state application by the Texas abuse of writ doctrine. *Ex parte Whiteside*, 12 S.W.3d 819, 821 (Tex. Crim. App. 2000). Therefore, such claims are barred from federal review under the procedural default doctrine. *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995). A petitioner must show cause and resulting prejudice to excuse his default, or that refusal to consider his claims would result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991).

Carballo asserts in claims 4(m) – 4(p) of his federal petition that his trial counsel was ineffective because he failed (m) to file a motion to suppress photos of his truck; (n) to admit Carballo's medical records showing where he was shot by complainant; (o) to admit Carballo's phone records that he contends would show his truck was tampered with; and (p) to investigate and attack the credibility of the complainant due to his use of Xanax. Claim 4(q) is that the cumulative effect of these errors caused him prejudice.[9] Carballo did not assert these claims of ineffective assistance of counsel on appeal or in his state habeas proceeding.

Carballo also has not met his burden to show that any of these claims amount to a "substantial claim of ineffectiveness" sufficient to invoke the procedural default exception created by *Martinez v. Ryan*, 566 U.S. 1 (2012) and *Trevino v. Thaler*, 569

---

[9] "[F]ederal habeas corpus relief may only be granted for cumulative errors in the conduct of a state trial where (1) the individual errors involved matters of constitutional dimension rather than mere violations of state law; (2) the errors were not procedurally defaulted for habeas purposes; and (3) the errors 'so infected the entire trial that the resulting conviction violates due process.'" *Derden v. McNeel*, 978 F.2d 1453, 1454 (5th Cir.1992). Thus, claim 4(q) must be denied.

U.S. 413 (2013). Carballo's allegations are wholly conclusory. The record shows no basis for the suppression of the photos, and counsel had ample opportunity to cross-examine witnesses about them.[10] The jury was fully aware that Carballo had been shot by the complainant, and therefore the medical records add nothing significant to his defense. And, there is no evidence that anything on Carballo's cell phone would have been credible, admissible evidence likely to sway a jury. In light of the significant evidence of guilt presented at trial, including the testimony of police officers and the complainant, Carballo would not be able to show *Strickland* prejudice on his defaulted allegations of ineffective assistance of counsel. Therefore, these claims of ineffective assistance of counsel should also be denied.

Carballo's request for an evidentiary hearing (Dkt. 19) is denied. *Schriro v. Landrigan*, 550 U.S. 465, 476 (2007) ("[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.").

## Conclusion and recommendation

For the reasons stated above, the court recommends that respondent's motion for summary judgment be granted and Carballo's federal petition for habeas corpus relief be denied with prejudice.

The court further finds that Carballo has not made a substantial showing that he was denied a constitutional right or that it is debatable whether this court is correct in a

---

[10] Dkt. 29-13 at 3-21; Dkt. 29-14 at 16-17.

procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, the court recommends that a certificate of appealability not issue.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

Signed at Houston, Texas on January 3, 2018.

Stephen Wm Smith
United States Magistrate Judge